Ostad v Nehmadi (2018 NY Slip Op 08563)





Ostad v Nehmadi


2018 NY Slip Op 08563


Decided on December 13, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 13, 2018

Richter, J.P., Manzanet-Daniels, Tom, Webber, Gesmer, JJ.


7888 650460/10

[*1]David H. Ostad, Plaintiff-Respondent,
v
Behzad Nehmadi, et al., Defendants-Appellants.


Rivkin Radler LLP, New York (Cheryl Korman of counsel), for appellants.
Law Office of D. Paul Martin PLLC, New York (D. Paul Martin of counsel), for respondent.



Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered September 28, 2017, which, inter alia, denied defendants' motion to dismiss the complaint pursuant to CPLR 3212 and 3211(7), unanimously affirmed, with costs.
Fact issues precluded summary judgment as to whether the transaction at issue took place, and whether plaintiff had a confidential relationship of trust with defendants. Moreover, the IAS court applied the correct standard to the motion. Regardless of the burden of proof at trial, the party opposing summary judgment need only raise an issue of fact, not an issue of fact as to clear and convincing evidence or some other burden of proof (see Platinum Equity Advisors, LLC v SDI, Inc., 51 Misc 3d 1230[A], *3 [Sup Ct, NY County 2016]).
Factual issues also precluded summary judgment on the issue of the applicability of the statute of frauds. Plaintiff raised a triable issue of fact as to whether the alleged oral agreement was one for a partnership or joint venture to invest in real property (see Retter v Zyskind, 138 AD3d 496 [1st Dept 2016]).
Further, if plaintiff's version of the facts is accepted, the claims did not accrue until 2008, when defendants denied his interest in the venture (see Maric Piping v Maric, 271 AD2d 507, 508 [2d Dept 2000]).
Defendants' argument as to unclean hands was raised for the first time at oral argument on the motion. Given that there was no briefing on the issue below, and that starkly contrasting versions of plaintiff's motive for the transaction were given in the record below, the IAS court appropriately deferred resolution of the defense until trial.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 13, 2018
CLERK